Hillsborough,
No. 4547.

WALTER G. SUPRENANT & a v. NASHUA & a.

Argued January 3, 1957.

Decided May 9, 1957.

44

*Nicholas Pantelas* for the plaintiffs.

*Louis M. Janelle* and *Normand R. Pelletier* (*Mr. Janelle* orally), for the defendants.

BLANDIN, J.   It is provided by RSA 31:78 that upon appeal to the Superior Court from a decision by the board, "Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the board . . . to show that the same is unreasonable or unlawful, and all findings of the board . . . upon all questions of fact properly before it *shall be deemed to be prima facie lawful and reasonable;* and the order or decision appealed from shall not be set aside or vacated, except for errors of law, unless the court is persuaded by the balance of probabilities, on the evidence before it, that said order or decision is unjust or unreasonable." (Emphasis supplied).   The board here states that in reaching its decision it gave "due consideration . . . to the diminution of value of surrounding properties, the benefit to the public interest, the unnecessary hardship involved, the justice to be done,"

and that "its decision was not contrary to the spirit of the ordinance." The plaintiffs do not deny that such consideration was given although they dispute the conclusions reached. The board also took a view of the area before issuing a permit to the defendants but no view was requested of or taken by the Court. This view by the board may have "furnished a vital part of the evidence" upon which its decision was based. *Gelinas* v. *Portsmouth*, 97 N. H. 248, 251, and authority cited. The record discloses that numerous variances including a garage, filling station, ice cream stand and a monument company are already established in the same zoning district. The board before issuing the permit considered all the requirements necessary to warrant the granting of a variance (*Gelinas* v. *Portsmouth, supra,* 250) and found that they all existed. We believe on the entire record that the board granted a variance rather than a special exception (see *Jadda* v. *Manchester,* 100 N. H. 150, 152) and its action was not shown to be "unreasonable or unlawful." RSA 31:78.

The question actually before the Superior Court was the effect of *s.* 43(f) of the ordinance of the defendant city dealing with the requirement of the consent of the adjoining land owners and the testimony introduced at that hearing bore on that issue. In these circumstances and in the absence of a view by the Court, we do not believe there was sufficient evidence before it to warrant overturning the board's finding that cause for a variance existed in the face of RSA 31:78. See *Jadda* v. *Manchester, supra.* It follows the order is

*Judgment for the defendants.*

WHEELER, J., took no part in the decision; the others concurred.